IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARIO L. BOWLING, | ) | |
|     Plaintiff, | ) | CASE NO. 7:19CV00453 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD CLARKE, ET AL., | ) | By:  Hon. Glen E. Conrad |
|     Defendants. | ) | Senior United States District Judge |

    This prisoner civil rights action under 42 U.S.C. § 1983 is scheduled for a jury trial on claims of excessive force and for a bench trial on claims for injunctive relief related to plaintiff's claims that he was denied due process in a related disciplinary hearing.  By opinion and order entered February 8, 2021, the court granted summary judgment on the ground of qualified immunity as to plaintiff's claims for monetary damages for denial of due process.  Before this ruling entered, defendants Clarke, Stanley, and Kiser moved for judgment on the pleadings, ECF No. 117, which the court will address in this memorandum opinion.  Plaintiff Mario L. Bowling, a Maryland inmate serving his sentence in the custody of the Virginia Department of Corrections ("VDOC") and proceeding pro se, has responded to the motion.  After review of the record, the court concludes that the motion must be granted in part and denied in part.

    On June 24, 2017, at Red Onion State Prison ("Red Onion"), Bowling was involved in an altercation with prison officials who engaged a canine on him, twice.[1]  See Bowling v. Clarke, No. 7:19CV00453, 2020 WL 4340944 (W.D. Va. July 28, 2020).  After the incident, Bowling faced a disciplinary charge for gathering around or approaching any person in a threatening or intimidating manner.  He asked for production of the surveillance camera videotape, but the

---

[1] As the facts related to Bowling's claims have been outlined in previous memorandum opinions, the court will offer only a brief summary here.

hearing officer refused this request because such footage was restricted for security reasons. The hearing officer found Bowling guilty of the infraction and imposed a fine. Bowling also claims that Maryland correctional officials penalized him for the infraction with a loss of several months of good conduct time. See Compl. 7; Resp. Ex. 1, ECF No. 101-2.

As stated, defendants Clarke, Stanley, and Kiser argue that they are entitled to judgment on the pleadings. In response, Bowling concedes that he has no remaining claim against defendants Clarke and Stanley. Therefore, the court will grant the motion as to these defendants.

As to defendant Kiser, Bowling objects to the motion, however. He asserts that Kiser, as warden at the time the due process claims arose, reviewed Bowling's disciplinary appeal. Bowling contends that Kiser had access to video and audio related to the disciplinary offense, but he failed to overturn the hearing officer's deficient finding of guilt, which caused Bowling to be penalized by a fine and, allegedly, a loss of good conduct time.

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. When a prison disciplinary conviction involves a penalty that will, inevitably, lengthen a plaintiff's term of confinement, certain procedural safeguards apply. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). These limited protections include: 1) advance written notice of the charges, 2) a hearing before an impartial decision maker, 3) the opportunity to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, 4) an opportunity for non-attorney representation if the inmate is illiterate or the disciplinary hearing is complex, and 5) a written decision setting forth the evidence relied upon and the reasons for the disciplinary action. Id. at 563-71. Since August 23, 2019, inmates also have a limited due process

right to review surveillance camera footage in disciplinary proceedings. See Lennear v. Wilson, 937 F.3d 257 (4th Cir. 2019).

Defendant Kiser argues that Bowling's claims against him should be dismissed because Wolff does not recognize any constitutionally protected right for Bowling to appeal a disciplinary infraction or penalty. For this proposition, Kiser relies on Brown v. Angelone, 938 F. Supp. 340, 345 (W.D. Va. 1996) (explaining that "Wolff [v. McDonnell, 418 U.S. 539 (1974)] did not mandate that prison officials provide inmates with an appeal of disciplinary hearing findings," where court had already determined no due process violations had occurred during those disciplinary proceedings). Bowling is not claiming, however, that anyone denied him an appeal or violated procedures related to disciplinary appeals. Rather, Bowling asserts that Kiser had notice of a due process violation and failed to correct it. Kiser has already been granted qualified immunity against any claim for monetary damages for his failure to address an alleged due process violation. However, the court cannot find that he is absolved of his responsibility to comply with an injunction, if the court determined at the scheduled bench trial that a constitutional violation occurred during the disciplinary hearing which Kiser reviewed on appeal. Accordingly, the court will deny the motion for judgment on the pleadings as to Bowling's claim for injunctive relief for Kiser's alleged failure to correct a constitutional violation made known to him through disciplinary appeal procedures. An appropriate order will be entered herewith.

The clerk will send a copy of this memorandum opinion and the accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This __12th__ day of April, 2021.

_____
Senior United States District Judge